U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 2 2 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBY FRIE, JR., | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-780-A |
| | § | (NO. 4:16-CR-021-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Bobby Frie, Jr., movant, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the memorandum in support thereof, the government's response, the record in the underlying criminal case, No. 4:16-CR-021-A, styled "United States v. Cleto Tarin, et al.," and applicable authorities, finds that the motion should be denied.

I.

### Background

On February 10, 2016, movant was named along with others in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 37.

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying
(continued...)

On March 29, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 234. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 240. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 651.

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 316 ¶ 46. Movant received a two-level enhancement for possession of a firearm, id.

---

[1](...continued)
criminal case, No. 4:16-CR-021-A.

2

¶ 47, and a two-level enhancement for importation from Mexico, id. ¶ 48. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 54, 55. Based on a total offense level of 37 and a criminal history category of VI, movant's guideline range was 360 months to life; however, the statutorily authorized maximum sentence was 40 years, so the guideline range became 360 to 480 months. Id. ¶ 131. Movant filed objections, CR Doc. 513, and the probation officer prepared an addendum to the PSR. CR Doc. 407. Movant filed objections to the addendum, persisting in his substantive objections. CR Doc. 514.

On July 29, 2016, the court sentenced movant to a term of imprisonment of 340 months. CR Doc. 506. Movant appealed, CR Doc. 542, and the Fifth Circuit affirmed the judgment. United States v. Frie, 698 F. App'x 209 (5th Cir. 2017). His petition for writ of certiorari was denied. Frie v. United States, 139 S. Ct. 120 (2018).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

> Ground One: MR. FRIE DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE HIS CONSTITUTIONALLY [SIC] CLAIMS THAT SENTENCING COUNSEL RENDERED INEFFECTIVE-ASSISTANCE BY SIGNING A GENERIC APPEAL WAIVER.

3

Doc.² 1 at 7.

> Ground Two: COUNSEL WAS INEFFECTIVE HANDLING THE POLYGRAPH ISSUE, FAILED TO CALL POLYGRAPH EXAMINER, KENDRA WARD, ERIC OVERSTREET, MIGUEL MARTINEZ AND THE PETITIONER AS WITNESSES AND APPELLATE COUNSEL FAILED TO RAISE THE POLYGRAPH

Id.

> Ground Three: COUNSEL WAS INEFFECTIVE IN FAIING TO MOVE TO DISMISS THE INDICTMENT CHARGING MR. FRIE UNDER 21 U.S.C. § 841(B)(1)(A) BASED ON RELEVANT CONDUCT AN [SIC] DISCRIMINATION

Id. And,

> Ground Four: COUNSEL WAS INEFFECTIVE AT SENTENCING AND ON DIRECT APPEAL FOR FAILING TO ARGUE THAT THE UNITED STATES SENTENCING COMMISSION INTENT UNDER USSG 2D1.1(B)(5)

Id. at 8.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional

---

²The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional

5

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

## Analysis

Movant's first ground is based on the erroneous assertion that he signed a "generic appeal waiver." Doc. 1 at 7; Doc. 2 at 4-5, 6-8. The record reflects that movant did not sign such a waiver. In fact, he appealed from the judgment.

Movant's second ground contends that he received ineffective assistance of counsel because his attorney failed to call certain witnesses on his behalf at sentencing and failed to raise a polygraph issue on appeal. The gist of this ground is that movant's counsel failed to show that movant should not have been held responsible for the amount of drugs attributed to him.

Movant first argues that his counsel was ineffective in presenting evidence of a polygraph examination he took. The record reflects that counsel presented the results of the polygraph examination at sentencing and the court considered it. CR Doc. 579; CR Doc. 652 at 5, 13, 17-18. The government presented testimony of one of the investigating officers. CR Doc. 652 at 7-12. The court found the testimony of the investigating officer and the facts set forth in the PSR to be reliable and adopted what the PSR said. Id. at 13. Contrary to movant's allegation, the matter of the polygraph examination was raised on appeal, the appellate court noting that polygraph evidence is not

7

without controversy. Frie, 698 F. App'x at 209-10 (quoting United States v. Scheffer, 523 U.S. 303, 309 (1998)("[T]here is simply no consensus that polygraph evidence is reliable.")). But, in any event, it concluded that the court's factual finding as to the drug quantity was plausible in light of the record as a whole and that movant had not demonstrated error. Id. at 210.

Movant next urges that his counsel was ineffective in failing to call three co-defendants as witnesses, stating that they would have testified that movant never had the quantity of drugs set forth in the PSR. Doc. 2 at 12-13. To prevail on a claim for failure to call witnesses, movant must identify the witness, demonstrate that the witness was available to testify and would have testified, set out the content of the witness's testimony, and show that the testimony would have been favorable to the particular defense. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009). Here, although movant refers to affidavits of the co-defendants, he does not provide them. Thus, there is nothing to overcome the presumption that counsel made a strategic choice in foregoing such testimony. Taylor v. Maggio, 727 F.2d 341, 347 (5th Cir. 1984).

In his third ground, movant argues that his counsel was ineffective in failing to move to dismiss the indictment on the basis that two more culpable co-defendants were charged with

offenses that provided a lesser penalty. Doc. 1 at 7; Doc. 2 at 14-15. The ground is without merit. As the Supreme Court has stated:

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Selectivity in enforcement is not itself a federal constitutional violation unless the selection was deliberately based on an unjustifiable standard, such as race, religion, or other arbitrary classification. Id. There is no allegation of improper motive here. Counsel cannot have been ineffective in failing to raise a meritless argument. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Finally, in his fourth ground, movant argues that he received ineffective assistance because his counsel failed to argue that the two-level enhancement for importation did not apply. Doc. 1 at 8; Doc. 2 at 15-16. The issue was raised on appeal and the appellate court pointed out that the government had no obligation to demonstrate that movant knew or should have foreseen that the methamphetamine was imported. Frie, 698 F. App'x at 209 (citing United States v. Foulks, 747 F.3d 914, 914-

15 (5th Cir. 2014); United States v. Serfass, 684 F.3d 548, 552 (5th Cir. 2012)).

In his memorandum, movant presents an additional argument, not raised as a ground of his motion, that counsel was inefficient for failing to challenge the two-level enhancement for possession of a weapon. Doc. 2 at 18-19. He argues that there is no evidence that he used or carried the weapon at any time there were drugs involved and the weapon was not associated with the drugs. Id. at 18. The guidelines provide that the enhancement should be applied if the weapon was present, "unless it is clearly improbable that the weapon was connected with the offense." USSG 2D1.1(b)(1). The government may establish a connection between the weapon and the offense by showing that the weapon was found in the same location where drugs or drug paraphernalia were stored or where part of the transaction occurred. United States v. Flucas, 99 F.3d 177, 179 (5th Cir. 1996); United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991). That is the case here, where the weapon, methamphetamine, and drug paraphernalia were found together in movant's residence. CR Doc. 316, ¶ 39.

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 22, 2019.

_____
JOHN McBRYDE
United States District Judge